UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5245-GW (MANx) | Date | July 26, 2010 |
|---|---|---|---|
| Title | Flame S.A. v. Pasha Finance, Inc. | | |

| Present: The Honorable | MARGARET A. NAGLE, UNITED STATES MAGISTRATE JUDGE | |
|---|---|---|
| E. Carson | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (IN CHAMBERS) Amended Order Ruling on Motion to Vacate Rule B Attachment

This matter is before the Court on the Motion to Vacate Rule B Attachment that was filed by defendant Pasha Finance, Inc. ("Pasha") on July 20, 2010 ("Motion").

"The power to grant attachments in admiralty [i.e., maritime attachments] is an inherent component of the admiralty jurisdiction given to the federal courts under Article III of the Constitution." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 437 (2d Cir. 2006). "Maritime attachments arose because it is frequently, but not always, more difficult to find property of parties to a maritime dispute than of parties to a traditional civil action. Maritime parties are peripatetic, and their assets are often transitory." Id. at 443. "The 'traditional policy underlying maritime attachment,' which is 'to permit the attachments of assets wherever they can be found and not to require the plaintiff to scour the globe to find a proper forum for suit or property of the defendant sufficient to satisfy a judgment,' has been 'implemented by a relatively broad maritime attachment rule, under which the attachment is quite easily obtained.'" Proshipline, Inc. v. Aspen Infrastructures, Ltd., 585 F.3d 105, 111 (2d Cir. 2009)(quoting Aqua Stoli, supra).

An attachment under Rule B:

> has a dual purpose: (1) to obtain jurisdiction of the respondent in personam through his property, and (2) to assure satisfaction of any decree in libelant's favor. 2 Benedict, Admiralty § 288 (6th ed. 1940); Swift & Company Packers v. Compania Columbiana Del Caribe, S.A., 339 U.S. 684, 70 S.Ct 861, 94 L.Ed. 1206 (1950). *The two purposes may not be separated, however, for security cannot be obtained except as*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5245-GW (MANx) | Date | July 26, 2010 |
|---|---|---|---|
| Title | Flame S.A. v. Pasha Finance, Inc. | | |

> *an adjunct to obtaining jurisdiction.*

Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 581-82 (2d Cir. 1963)(emphasis added). As the Second Circuit recognized in STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping PTE Ltd., 560 F.3d 127, 130 (2d Cir. 2009), "Rule B gives potential defendants the choice between subjecting themselves to the jurisdiction of the courts of the district in question, or making themselves vulnerable to the possibility that their property in the district will be attached."

"The time for determining whether a defendant is 'found' in the district is set at the time of the filing of the verified complaint that prays for attachment and the affidavit required by Rule B(1)(b) . . . . A defendant cannot defeat the security purpose of attachment by appointing an agent for service of process after the complaint and affidavit are filed." Proshipline, 585 F.3d at 112 n.4 (*citing* Supp. Rule B, Advisory Committee Notes (2005 Amendments)).

As recognized in Equatorial Marine Fuel Mgmt. Servs. PTE Ltd. v. MISC Berhad, 591 F.3d 1208 (9th Cir. 2010):

> Under Rule B of the Supplemental Admiralty rules, plaintiff may attach a defendant's property if four conditions are met: (1) Plaintiff has a valid prima facie admiralty claim against the defendant; (2) *defendant cannot be found within the district*; (3) property of the defendant can be found within the district; *and* (4) there is no statutory or maritime law bar to the attachment.

Id. at 1210 (emphasis added). At a Rule E hearing to vacate a Rule B attachment, "defendant may argue that the attachment should be vacated because plaintiff failed to meet one of the four conditions for attachment." Id.

The critical question before the Court is whether, as of July 19, 2010, defendant Pasha could be "found within the district" within the meaning of the Admiralty Rules. As the Ninth Circuit observed in Oregon v. Tug Go Getter, 398 F.2d 873 (9th Cir. 1968):

> "The Admiralty Rules do not define the expression 'found within the district.' In the cases construing Rule 2 [now Rule B], however, the requirement is said to present a 'two-pronged inquiry: first whether [the respondent] can be found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5245-GW (MANx) | Date | July 26, 2010 |
|---|---|---|---|
| Title | Flame S.A. v. Pasha Finance, Inc. | | |

Id. at 874 (citations omitted).

There is no question that, as of July 19, 2010, defendant Pasha met the second prong of the Tug Go Getter test for being found in this district. Indeed, in applying for the Rule B attachment order at issue, plaintiff Flame expressly requested that "the Court find invalid Rule B-1 (RB-B.1) of the Rules for Admiralty and Maritime Claims of the Local Rules for the Central District." (Memorandum of Points and Authorities in Support of *Ex Parte* Application for an Order of Attachment Pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, p.1, lines 24-26.) That rule states, in relevant part, that:

> The phrase "not found within the district" in Supplemental Rule B(1) means that, in an in personam action, the defendant cannot be served with the summons and complaint as provided in F.R.Civ.P. 4(e).

By virtue of Pasha's appointment of CT Corporation of Los Angeles, California, as its agent for service of process on July 8, 2009, the second prong of the Rule B test for being "found within the district" -- *i.e.*, whether Pasha could be found for service of process -- was indisputably met, and pursuant to the definition set forth in Local Rule B, defendant Pasha was "found within the district."[1]

It is the first prong of the Rule B "found within the district" test that is vigorously disputed in this case. Pasha contends that "[a]t the time FLAME applied for the attachment under Rule B, Plaintiff knew that PASHA was, in fact, 'found' within the Central District of California by virtue of its registration with the California Secretary of State to conduct business in the State of California and its appointment of CT Corporation System as its agent for service of process within the Central District of California." (Memorandum of Points and Authorities in Support of Motion to Vacate Rule B Attachment, p. 1, lines 16-21.) Pasha further asserts that "it has submitted to the personal jurisdiction of the state of California through its registration with the Secretary of State." (Id., p. 9, lines 24-26.) Plaintiff Flame contends that, in California, Pasha cannot be found to have consented to jurisdiction simply based on its registration with the Secretary of

---

[1] Plaintiff Flame argued in its application for an attachment, and defendant Pasha conceded at oral argument, that Local Rule B reflects only the second prong of the Tug Go Getter two-prong test quoted above and fails to include the first element of that test.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5245-GW (MANx) | Date | July 26, 2010 |
|---|---|---|---|
| Title | Flame S.A. v. Pasha Finance, Inc. | | |

State.

As recently observed in Martin v. D-Wave Systems Inc., 2009 WL 4572742 (N.D. Cal. 2009):

> California courts have declined to find consent jurisdiction based on mere appointment of a California agent for service of process. *See, e.g., DVI, Inc. v. Superior Court*, 104 Cal.App.4th 1080, 1095 (2002) (finding no personal jurisdiction even though the defendant company registered to do business in California, maintained a California agent for service of process, and had two officers residing in California); *Gray Line Tours v. Reynolds Electrical & Engineering Co.*, 193 Cal.App.3d 190, 193-95 (1987) (holding that designation of an agent for service of process and qualification to do business in California alone do not constitute grounds for general jurisdiction).

Id. at *2.

In each of the above-cited California appellate cases, unlike the present case, the defendant contested the exercise of jurisdiction over it by a California court, and the court declined to conclude that the mere registration to do business in California and appointment of an agent for service of process could be construed as constituting broad consent to personal jurisdiction within California. In the present case, defendant Pasha has expressly conceded jurisdiction and has now filed a Supplemental Declaration of George Papadopolous, dated July 23, 2010, in which he states:

> 8. I confirm that by virtue of PASHA's registration with the California Secretary of State to do business in the State of California and by its appointment of a registered agent for the service of process it was the understanding and intent of PASHA, as of July 8, 2010, to broadly submit to the general jurisdiction of all State and Federal Courts within the State of California for all purposes and based on any causes of action.
>
> 9. PASHA has consented since July 8, 2010 and continues to consent to the personal jurisdiction of the State and Federal Courts within the State of California in this and all other matters.

The majority of federal appellate courts that have addressed the issue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5245-GW (MANx) | Date | July 26, 2010 |
|---|---|---|---|
| Title | Flame S.A. v. Pasha Finance, Inc. | | |

of whether appointment of an agent of service of process and registration to do business within a state constitutes "consent" to jurisdiction have concluded that such acts do establish consent to jurisdiction. In STX, *supra*, the Second Circuit held that

> a defendant's registration under New York Business Corporation Law § 1304 is sufficient to satisfy both prongs of the *Seawind* Test [which is identical to the Ninth Circuit Tug Go Getter test] and, therefore, a company registered with the Department of State is "found" for purposes of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

560 F.3d at 133.

In Knowlton v. Allied Van Lines, 900 F.2d 1196 (8th Cir. 1990) (a non-admiralty case), the Eighth Circuit held that:

> Consent is the other traditional basis of jurisdiction, existing independently of long-arm statutes. . . . Objections to jurisdiction over the person may be waived, either expressly or by not asserting them in a timely manner. . . . One of the most solidly established ways of giving such consent is to designate an agent for service of process within the State.
>
> . . . .
>
> . . . We conclude that appointment of an agent for service of process under § 303.10 gives consent to the jurisdiction of Minnesota courts for any cause of action, whether or not arising out of activities within the state. Such consent is a valid basis of personal jurisdiction, and resort to minimum-contacts or due process analysis to justify the jurisdiction is unnecessary. See *Bauxites*, 456 U.S. at 703, 102 S.Ct. at 2104. Appointment of a registered agent for service is not one of the specific types of consent listed by the Supreme Court in the cited case, but it is nevertheless a traditionally recognized and well-accepted species of general consent, possibly omitted from the Supreme Court's list because it is of such long standing as to be taken for granted.

Id. at 1199-2000 (*citing* Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 S. Ct. 2099 (1982)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5245-GW (MANx) | Date | July 26, 2010 |
|---|---|---|---|
| Title | Flame S.A. v. Pasha Finance, Inc. | | |

Similarly, in Employers Insurance of Wausau v. Banco de Seguros Del Estado, 199 F.3d 937, 943 (7th Cir. 2000) (a non-admiralty case), the Seventh Circuit held that "by agreeing to designate an agent for service of process . . . foreign companies can waive the requirement of 'minimum contacts.'"

In Maritrans Operating Partners Ltd. P'ship v. M/V Balsa 37, 64 F.3d 150, 154 (4th Cir. 1995), the Fourth Circuit reversed a decision of the United States District Court for the Eastern District of Virginia, which denied a motion to quash an attachment under Rule B.  The Fourth Circuit first looked to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and noted the absence of a statutory definition of what it means to "not be found within the district." Id. at 153.  The Fourth Circuit then looked to the relevant Local Admiralty Rule ("LAR"). Id. at 154.  LAR (b)(1) -- which is similar to Rule B.1(RB-B) of this District's Rules of Admiralty and Maritime Claims -- provides that:  "A defendant is considered to be 'not found within the district' if, in an action in personam, the defendant cannot be served with the summons and complaint as provided in Federal Rule 4(d)." Id.  Because Fed. R. Civ. P. 4(d) allows for service of process on a foreign corporation "by delivering a copy of the summons and complaint to . . . [an] agent authorized by appointment or by law to receive service of process," and the defendants' agent for service of process was properly served with the summons and complaint, the Fourth Circuit concluded that the defendants were "found within the district" within the meaning of Rule B. Id.  The Fourth Circuit further held that "*where the federal rule and local rule are not inconsistent, which these are not*, the clear language of the local rule dictates our decision, and [the Court] leave[s] any modification of the local rule to the district which promulgated it." Id. at 154-55 (emphasis added).

*Contrast* Ratliff v. Cooper Laboratories, Inc., 444 F.2d 745, 748 (4th Cir. 1971), in which the Fourth Circuit held, in a non-admiralty context, that "[t]he application to do business and the appointment of an agent for service to fulfill a state law requirement" are insufficient to support jurisdiction over a foreign corporation in accordance with due process requirements.  *See also* Wenche Siemer v. Learjet Acquisition Corp., 966 F.2d 179, 181 (5th Cir. 1992), in which the Fifth Circuit, citing Ratliff, *supra*, held that, where defendant Learjet held "a certificate from Texas giving it the right to do business in Texas," but did "not have an agent for process," a sufficient basis for the Court's exercise of personal jurisdiction over the defendant was not shown.

"[T]he drafters [of Rule B] explicitly ceded authority to define 'not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5245-GW (MANx) | Date | July 26, 2010 |
|---|---|---|---|
| Title | Flame S.A. v. Pasha Finance, Inc. | | |

found within the district' to subsequent development by case law, thinking it best to allow the meaning of the phrase to be developed on a 'case-by-case basis.'" Amber Int'l Navigation, Inc. v. Repinter Int'l Shipping Co., S.A., 2009 WL 1883251, *7 (S.D.N.Y. 2009)(*citing* Rule B Advisory Committee's note to the 1966 adoption of Rule B). Applying the drafters' contemplated case-by-case analysis of the Rule B "not found within the district" language in this case, this Court concludes that it is appropriate to consider the facts that:  (1) prior to the commencement of this action, defendant Pasha registered to do business in California and designated an agent for service of process -- which defendant Pasha's authorized representative, George Papadopoulos, has declared under penalty of perjury was understood and intended by defendant "as of July 8, 2010 to broadly submit [defendant] to the general jurisdiction of all State and Federal Courts within the State of California for all purposes and based on any causes of action" (Supplemental Declaration of George Papadopolous, dated July 23, 2010, ¶ 8); and (2) defendant Pasha has consented on the record, through the representations of counsel and the Supplemental Papadopoulos Declaration, to the personal jurisdiction of the Court -- "PASHA has consented since July 8, 2010 and continues to consent to the personal jurisdiction of the State and Federal Courts within the State of California in this and all other matters" (id., ¶ 9).  *See* Marimed Shipping Inc. v. Persian Gulf Shipping Co. Inc., 567 F. Supp. 2d 524, 529 (S.D.N.Y. 2008).

This Court is cognizant, as was the Court in Marimed, of the fact that "'a mere filing for authorization to do business provides no security to a plaintiff.'" Marimed, 567 F. Supp. at 527 (citation omitted). However, as the court concluded in Amber Int'l, *supra*, "[t]his Court sees no just reason why plaintiff should be able to attach [defendant's] property in this district [pursuant to Rule B], when it has the full ability to sue [defendant] here." Amber Int'l, 2009 WL 1883251, at *8. In essence, plaintiff Flame desires to reject defendant Pasha's unambiguous consent to the broad jurisdiction of this Court as of July 8, 2010, so that it can maintain the security it has obtained through the Rule B attachment.  It is well-established, however, that "security [under Rule B] cannot be obtained except as an adjunct to obtaining jurisdiction.  Seawind, 320 F.2d at 582.

Given the facts before it, the Court concludes that, as of July 19, 2010, defendant Pasha could be "found within the district" under both prongs of the Tug Go Getter test, and thus, the Rule B attachment previously effected pursuant to this Court's Orders of July 19, 2010, must be vacated.  Accordingly, IT IS ORDERED that the Motion is GRANTED.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5245-GW (MANx) | Date | July 26, 2010 |
|---|---|---|---|
| Title | Flame S.A. v. Pasha Finance, Inc. | | |

At the direction of United States District Judge George H. Wu, this Order shall be, however, STAYED, pending the hearing scheduled to take place before Judge Wu on Monday, July 26, 2010, on the Ex Parte Application for Emergency Hearing on Plaintiff Flame S.A.'s Request for Reconsideration by District Court of Magistrate Judge's Ruling, which was filed by plaintiff Pasha on July 23, 2010.

IT IS SO ORDERED.

cc:   All Parties of Record

                                                                                    :

Initials of Preparer   efc